UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| FRANCISCO VILLANUEVA,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:26-CV-05018-KES<br><br>ORDER RE: ATTORNEY-CLIENT PRIVILEGE WAIVER |

This matter is before the court on the motion of Francisco Villanueva to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. See Doc. 1. This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the United States District of South Dakota's Local Rule 72.1.

On March 30, 2026, the United States ("government") filed a motion for order for production of CJA records. See Doc. 11. On April 11, 2026, this court ordered the Clerk's Office produce documentation of CJA Counsel Robert Rohl's voucher logs reflecting his in person, telephonic, video, or written communications with his former client, Francisco Villanueva, during the pendency of his representation for in camera review. The court has reviewed the voucher logs and finds that they are relevant to the motion before the court but that they also contain information protected by the attorney-client privilege.

The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. See Tasby v. United States, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client.

The American Bar Association, however, has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the  former client; and (2) may only disclose such information in "court-supervised testimony." ABA Comm. on Eth. and Prof'l Responsibility, Formal Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in Movant's Motion under 28 U.S.C. § 2255 this court has determined that the government cannot fully respond to the allegations of ineffective assistance of counsel without review of the vouchers of Attorney Robert Rohl.  If Movant opposes the waiver of the Attorney-Client privilege as it relates to the specific allegations in his Motion under 28 U.S.C. § 2255, those allegations will be stricken from Movant's Motion under 28 U.S.C. § 2255.

2

Accordingly, IT IS ORDERED:

1.    That the Clerk shall send this Order and the attached Attorney-Client Privilege Waiver form to Counsel for Movant;

2.    That if the Attorney-Client Privilege Waiver form is not signed and returned to the Clerk for filing within 14 days, the allegations of ineffective assistance of counsel will be stricken from Movant's Motion under 28 U.S.C. § 2255;

3.    That if the Attorney-Client Privilege Waiver form is signed and filed, the Clerk will provide copies of Attorney Rohl's CJA vouchers to counsel for Movant and to the government.

4.    That if the Attorney-Client Privilege Waiver is not signed, the government's Motion for Order For Production of CJA Records is denied as moot.

Dated April 21, 2026.

BY THE COURT:

_____
MARK W. HAIGH
United States Magistrate Judge

3