UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| FRANCISCO VILLANUEVA,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:26-CV-05018-KES<br><br>ORDER RE: ATTORNEY-CLIENT PRIVILEGE WAIVER |

This matter is before the court on the motion of Francisco Villanueva to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. See Doc. 1. This matter was referred to this Magistrate Judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and D.S.D. Civ. LR 72.1.

On March 30, 2026, the United States ("government") filed a motion for order for production of CJA records. See Doc. 11. On April 10, 2026, this court ordered the Clerk's Office produce documentation of CJA Counsel Robert Rohl's voucher logs reflecting his in person, telephonic, video, or written communications with his former client, Francisco Villanueva, during the pendency of his representation for *in camera* review. (Doc. 12). The court reviewed the voucher logs and found that they are relevant to the motion before the court but that they also contain information protected by the attorney-client privilege.

Therefore, on April 21, 2026, this court ordered that the Clerk send the order and an Attorney-Client Privilege Waiver to Mr. Villanueva. (Doc. 13). The court has not received Mr. Villanueva's signed Attorney-Client Privilege Waiver. The government informed this court that as of May 18, 2026, Mr. Villanueva moved to a different BOP facility. (Doc. 18 at p. 2). The government also informed this court that Mr. Villanueva's counsel was unaware if Mr. Villanueva received the order. Id. Mr. Villanueva's counsel requested that Mr. Villanueva's family ask Mr. Villanueva to contact counsel as soon as possible. Id. It is unclear if Mr. Villanueva is aware of the order. Id.

The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. See Tasby v. United States, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client.

The American Bar Association, however, has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the  former client; and (2) may only disclose such

2

information in "court-supervised testimony." ABA Comm. on Eth. and Prof'l Responsibility, Formal Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in Movant's Motion under 28 U.S.C. § 2255 this court has determined that the government cannot fully respond to the allegations of ineffective assistance of counsel without review of the vouchers of Attorney Robert Rohl. If Movant opposes the waiver of the Attorney-Client privilege as it relates to the specific allegations in his Motion under 28 U.S.C. § 2255, those allegations will be stricken from Movant's Motion under 28 U.S.C. § 2255.

Accordingly, IT IS ORDERED:

1. That the Clerk shall send this Order and the attached Attorney-Client Privilege Waiver form to both Mr. Villanueva at Coleman USP and his counsel;

2. That if the Attorney-Client Privilege Waiver form is not signed and returned to the Clerk for filing within 14 days, the allegations of ineffective assistance of counsel will be stricken from Movant's Motion under 28 U.S.C. § 2255;

3. That if the Attorney-Client Privilege Waiver form is signed and filed, the Clerk will provide copies of Attorney Rohl's CJA vouchers to counsel for Movant and to the government.

4. That if the Attorney-Client Privilege Waiver is not signed, the government's Motion for Order For Production of CJA Records is denied as moot.

5. That the government's motion to extend the current deadline by 30 days to review Attorney Rohl's voucher logs and to prepare and file its response addressing Mr. Villanueva's claims of ineffective assistance of counsel is granted.

Dated June 15, 2026.

BY THE COURT:

_____

MARK W. HAIGH
United States Magistrate Judge